UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KRISTI FREDERICK,

        Plaintiff,                      CASE NO.: 18-cv-115

v.

PIERCE COUNTY,

        Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Kristi Frederick brings this action against her employer, Defendant Pierce County, for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and Wisconsin wage and hour laws. At times since February 14, 2015, Pierce County has had a policy and/or practice of classifying Plaintiff Frederick as an exempt employee while suffering or permitting her to perform non-exempt as her primary duty and in excess of forty hours in various workweeks. As a result, Pierce County has failed to pay Plaintiff Frederick overtime compensation for hours worked in excess of forty in a workweek in violation of the Fair Labor Standards Act of 1938 and Wisconsin law.

2. Plaintiff Frederick brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back

pay, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate.

3. Plaintiff Frederick also brings this action pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.,* 103.001 *et seq.,* Wis. Admin. Code §§ DWD 272.001 *et* seq., and DWD 2740.01 *et seq.* for purposes of obtaining relief for unpaid overtime compensation, back pay, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Pierce County has substantial and systematic contacts in this district.

7. Pursuant to Wis. Stat. §893.80, Plaintiff Frederick submitted her actual Notice of Claim to Defendant Pierce County on December 15, 2017 and December 21, 2017.

8. Plaintiff Frederick submitted a Second Notice of Claim to Defendant Pierce County on January 10, 2018.

## PARTIES

9. Defendant Pierce County is a municipality and pursuant to Wis. Stat § 893.80, Jamie Feuerhelm, as County Clerk, accepts service of a summons and is located at the Pierce County Courthouse, Room 112, 414 W. Main Street, Ellsworth, WI 54011.

10. Plaintiff Kristi Frederick (hereinafter "Frederick") is an adult resident of St. Croix County in the State of Wisconsin who is currently employed by Defendant Pierce County.

## GENERAL ALLEGATIONS

11. Defendant Pierce County employs a Children, Youth, and Families Unit to serve children and families referred by law enforcement, mandated reporters, or community members.

12. The Children, Youth, and Families (CYF) Unit is the statutory agent for juvenile delinquency and child protection concerns.

13. On January 21, 2013, Plaintiff Frederick began her employment with Defendant Pierce County as the Children, Youth and Families (CYF) Program Manager/Child Protective Services (CPS) Supervisor.

14. The position of Children, Youth and Families (CYF) Program Manager/Child Protective Services (CPS) Supervisor is classified as exempt.

15. The essential job duties of the CYF Program Manager/CPS Supervisor include, but are not limited to:

   a. Assignment of cases to social work staff;

   b. Monitor case management for compliance with local, State, and Federal rules and regulations;

   c. Evaluate subordinates performances and implements discipline;

   d. Determine placement of client into legal custody, protective placement, etc.;

   e. Receive and responds to client complaints;

   f. Advise Director regarding Unit activities;

   g. Develop and interprets unit policies and procedures;

   h. Research funding and grant writing;

   i. Participate in on-going training;

   j. Attend meetings, seminars, and workshops regarding unit programs;

   k. Represent the Unit and Department in court proceedings;

   l. Provide emergency social services to clients through after hours 24-hour on-call;

   m. Participate in Department planning and Unit budget development.

16. The CPS team provides child protective services to children, youth, and families that are mandated at federal and state levels.

17. Core mandated services include assessment and investigation of alleged maltreatment, provision of on-going case management systems, and foster care licensing.

18. CPS also employs Initial Assessment Workers and Foster Care Coordinators.

19. In 2015, the CPS team experienced staffing shortages for assessment and investigation work.

20. These staffing shortages continued into 2016.

21. In December 2015 and into 2016, Plaintiff Frederick, in order to ensure proper coverage pursuant to state and federal requirements, was required to provide full-time coverage as an Initial Assessment Worker (IAW) for mandated services as the two primary IAWs had full caseloads and the newest IA team member did not have the capacity to carry a full caseload.

22. The position of an IAW is classified by Defendant as non-exempt for purposes of Wisconsin law and the FLSA.

23. The essential job duties of an IAW include, but are not limited to:

   a. Ensure safety for all children on assigned case load;

   b. Manage paper and electronic files in accordance with state standards, while maintaining confidential client information;

    c. Supervise family interactions between parents and children to make determination regarding child safety and whether shifting to unsupervised interactions may occur;

    d. Engage in strengths-based, family-centered social work practices to promote reunification and safe case closure;

    e. Prepare testimony and documentation for court;

    f. Maintain contact with service providers (schools, law enforcement, foster parents, mental health providers, courts, etc.);

    g. Attend internal meetings and case consultations;

    h. Conduct home visits, office visits, and consultations with other agencies to ensure provision of services;

    i. Provide mandated reporter training to school staff, day care staff, high school and college students;

    j. Monitor and provide services to children placed under the supervision of the Department, provide required reports to the Courts, and testify as needed;

    k. Provide juvenile court intake, child protection investigations and family assessments, and ongoing services as needed to CPS, delinquency cases, and child welfare cases;

    l. Attend in-service trainings and staff development activities;

    m. Provided 24-hour on-call emergency services for after hours;

    n. Provide Friday same-day response coverage;

    o. Complete required eWISACWIS data entry.

24. Throughout 2016, staff capacity continued to be compromised due to intermittent FMLA issues for IA team members that reduced the number of IAWs available to perform mandated services.

25. Throughout 2016, staff capacity also continued to be compromised due to the loss of two Initial Assessment employees that reduced the number of IAWs available to perform mandated services.

26. As a result of reduced staffing capacity, Plaintiff Frederick, in order to ensure Defendant's compliance with state and federal requirements, was required to perform the full time duties of a non-exempt mandated IAW.

27. Initial Assessment casework and documentation completed through the Wisconsin State database, eWISACWIS, which tracks data as required by federal and state directives.

28. Between December 2015 and December 2016, Plaintiff Frederick completed thirty-eight IA assessments as documented in eWISACWIS.

29. Between December 2015 and December 2019, Plaintiff Frederick spent more than 75% of her time performing the work of an IAW.

30. In December 2016, the IA team workload stabilized and Plaintiff Frederick ceased her duties as an IAW.

31. The position of the FCC is classified by Defendant as non-exempt for purposes of Wisconsin wage laws and the FLSA.

32. The essential job duties of the FCC include, but are not limited to:

a. Ensure safety for all children on assigned case load;

b. Manage paper and electronic files in accordance with state standards while maintaining confidential client information;

c. Process initial and renewal applications in accordance with state statutes and standards for Foster Care Licensing requests;

d. Complete home studies using required S.A.F.E. (Structured Analysis Family Evaluation) protocol;

e. Asses for immediate child safety when allegations are made against foster parents, collaborate with supervisor and assigned IAW from other county;

f. Ensure licensed applicants comply with DCF 56 training/continuing education requirements;

g. Manage DCF 56 rule violation complaints and report violations to supervisor;

h. Report all suspected maltreatment of children in foster care to supervisor and collaborate with assigned Independent Investigator from neighboring county;

i. Provide ongoing support services and resources to licensed homes for placement and family integration needs;

j. Provide training to foster parents in accordance with DCF 56 requirements;

k. Recruit new foster families and respond to new provider inquiries;

    l.   Provide Kinship Care Certifications in accordance with DCF 56;

    m.   Complete ICPC (Interstate Compact for the Placement of Children) home studies and home visits;

    n.   Complete step-parent adoption home studies and prepare reports as ordered by the Court;

    o.   Assis with supervised interactions and child transportation as necessary;

    p.   Conduct home visits, office visits, and engage in consultation with other agencies to ensure provision of services;

    q.   Complete required eWISACWIS data entry.

33.    In early 2017, the Foster Care Coordinator (FCC) position became vacant.

34.    At the time the FCC position became vacant, there were no qualified staff members to perform the FCC duties.

35.    As a result of the FCC vacancy and the lack of qualified staff to perform the FCC duties, Plaintiff Frederick, in order to ensure Defendant's compliance with state and federal mandates, was required to perform the full time duties of the non-exempt FCC position.

36.    Plaintiff Frederick performed the non-exempt, mandated foster care services beginning in early 2017 through the end of 2017.

37.    Between early 2017 and December 2017, Plaintiff Frederick spent more than 75% of her time performing the work of a non-exempt FCC worker.

38.     Between December 2015 and December 2019, Plaintiff Frederick continued to perform her supervisory duties as an exempt employee however, her primary duty during that time period was the performance of non-exempt IAW duties in order to ensure mandated services were provided to Pierce County residents.

39.     Between early 2017 and December 2017, Plaintiff Frederick continued to perform her supervisory duties as an exempt employee however, her primary duty during that time period was the performance of non-exempt FCC duties in order to ensure mandated services were provided to Pierce County residents.

40.     Plaintiff regularly worked in excess of forty hours in given workweeks since December 2015.

41.     As a result of performing primarily non-exempt job duties during her compensable work hours since December 2015, Plaintiff Frederick was entitled to overtime compensation for hours worked in excess of forty in a given workweek under both the Fair Labor Standards Act of 1938 and Wisconsin law.

42.     Since December 2015, Defendant Pierce County failed to compensate Plaintiff Frederick at a rate of one and one-half times her regular rate for hours worked by Plaintiff in excess of forty in any given workweek.

43.     Defendant's failure to pay Plaintiff Frederick's overtime compensation for hours worked in excess of forty in workweeks since December 2015 was willful, dilatory, and unjust.

### FIRST CLAIM FOR RELIEF
<u>Violations of the Fair Labor Standards Act –</u>

### Unpaid Overtime Compensation

44. Plaintiff Frederick reasserts and incorporates by reference all preceding paragraphs as if restated herein.

45. Since February 19, 2015, Plaintiff Frederick has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Defendant Pierce County.

46. Since February 19, 2015, Defendant Pierce County has been and continues to be an employer of Plaintiff Frederick within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

47. Since February 19, 2015, Plaintiff Frederick has been and employee within the meaning of 29 U.S.C. § 203(e).

48. Plaintiff Frederick is a victim of Defendant's compensation policies and practices in violation of the FLSA, by Defendant's failure to compensate Plaintiff Frederick for all work performed, including payment of overtime premium compensation at her regular rate for each hour worked in excess of forty hours in any given workweek.

49. Defendant's failure to properly compensate Plaintiff Frederick was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Frederick is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendant did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Frederick is entitled to an award of pre-judgment interest at the applicable legal rate.

51. As a result of the aforementioned willful violations of the FLSA, unpaid wages and overtime compensation has been unlawfully withheld by Defendant from Plaintiff Frederick for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

52. Plaintiff Frederick is entitled to damages equal to the amount of unpaid wages owed and mandated overtime premium pay within the three years preceding the date of the filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

53. Pursuant to 29 U.S.C. § 216(b), Plaintiff Frederick is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Overtime Wages

54. Plaintiff Frederick reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

55. Since February 19, 2015, Plaintiff Frederick has been an employee within the meaning of Wis. Stat. §§ 109.01 *et seq.*

56. Since February 19, 2015, Plaintiff Frederick has been an employee within the meaning of Wis. Stat. §§ 103.001 *et seq.*

57. Since February 19, 2015, Plaintiff Frederick has been an employee within the meaning of Wis. Stat. §§ 104.01 *et seq.*

58. Since February 19, 2015, Plaintiff Frederick has been an employee within the meaning of Wis. Admin. Code §§ DWD 272.01 *et seq.*

59. Since February 19, 2015, Plaintiff Frederick has been an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since February 19, 2015, Defendant Pierce County has been and continues to be an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61. Since February 19, 2015, Defendant Pierce County has been and continues to be an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62. Since February 19, 2015, Defendant Pierce County has been and continues to be an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

63. Since February 19, 2015, Defendant Pierce County has been and continues to be an employer within the meaning of Wis. Admin Code §§ DWD 272.01 *et seq.*

64. Since February 19, 2015, Defendant Pierce County has been and continues to be an employer within the meaning of Wis. Admin Code §§ DWD 274.01.

65. Since February 19, 2015, Defendant Pierce County has had, and continues to have, common policies, programs, practices, procedures, protocols,

routines, and rules of willfully failing to properly pay Plaintiff Frederick her overtime compensation.

66. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

67. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

68. As set forth above, Plaintiff Frederick has sustained losses in her compensation as a proximate result of Defendant Pierce County's violations. Accordingly, Plaintiff Frederick seeks damages in the amount of her respective unpaid compensation, injunctive relief requiring Defendant Pierce County's to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

69. Under Wis. Stat. § 109.011, Plaintiff Frederick is entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

70. Plaintiff Frederick seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to Wisconsin law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Frederick, respectfully requests that this Court grant the following relief:

a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant Pierce County's actions as described herein as unlawful and in violation of Wisconsin Law;

b) An Order finding that Defendant Pierce County violated the FLSA and Wisconsin wage and hour laws;

c) An Order finding that Defendant Pierce County's violations of the FLSA and Wisconsin law were willful, dilatory, and unjust;

d) Judgment against Defendant Pierce County in the amount equal to the Plaintiff Frederick's unpaid overtime wages at the applicable rates mandated by the FLSA and Wisconsin law;

e) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

f) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

g) Such other relief as the Court deems just and equitable.

Dated this 19th day of February, 2018.

Respectfully submitted,

*s/ Summer H. Murshid*
Summer Murshid
SBN 1075404
Larry A. Johnson
SBN 1056619
Timothy P. Maynard
SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442

       Telephone: 414-271-8650
       Fax: 414-271-8442
       Email(s): smurshid@hq-law.com
            ljohnson@hq-law.com
            tmaynard@hq-law.com